**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE:

| | |
|---|---|
| **CARLA R. SMITH** | **CASE NO. 24-10786** |
|     DEBTOR | **CHAPTER 7** |

| | |
|---|---|
| **TOWER CREDIT, INC.** | |
|     PLAINTIFF | |
| V. | **ADVERSARY NO. 24-1037** |
| **CARLA R. SMITH** | |
|     DEFENDANT | |

**MEMORANDUM OPINION**

On May 28, 2025, the Motion to Dismiss Adversary Proceeding[1] filed by the defendant, Carla R. Smith ("Ms. Smith") and the Motion for Partial Summary Judgment[2] filed by the plaintiff, Tower Credit, Inc. ("Tower") came before the court.

**I. Factual Background**

Tower loaned $5,255.59 to Ms. Smith in 2012 secured by a 1999 Honda Accord.[3] On March 20, 2014, a judgment was rendered in state court ("Judgment") in favor of Tower and against Ms. Smith in the amount of $4,7798.19, plus interest from date of judicial demand at the rate of 29% until satisfied, attorney's fees of 25% of the principal and interest, and court costs.[4] The Judgment was revived by an order dated November 17, 2023.[5]

On September 17, 2024, Ms. Smith filed a chapter 7 bankruptcy case. Tower filed Proof of Claim No. 1, asserting an unsecured claim for $23,905.04 based on the Judgment. Tower also

---

[1] P-21.
[2] P-27
[3] P-27, p. 4.
[4] P-27, p. 6.
[5] P-27, p. 7.

filed a Complaint objecting to dischargeability of the debt owed it by Ms. Smith pursuant to 11 U.S.C. § 523(a)(2)(B).[6] Ms. Smith filed an Answer, asserting several affirmative defenses and counterclaims.[7]

It is undisputed that Ms. Smith represented on her credit application that she shared a rental with family members and that her portion of the monthly rent was $150. At Ms. Smith's meeting of creditors on October 17, 2024, however, she contradicted this by representing that she paid $600 to $700 per month in rent at the time of the loan.

Tower contends in its Complaint that the amount owed it by Ms. Smith pursuant to the Judgment should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) because it relied on Ms. Smith's representation that her rent was $150 and that it would not have made the loan had it known Ms. Smith's true rental obligation. Ms. Smith contends that she did not misrepresent her rent on her credit application, but that she was mistaken at the meeting of creditors several years later when trying to remember her rent from 2012.

## II. Ms. Smith's Motion to Dismiss

Ms. Smith attached to her Motion to Dismiss her affidavit representing that her credit application was truthful and that she was simply mistaken at the meeting of creditors. Also attached to the Motion to Dismiss are affidavits from Ms. Smith's mother, sister, and brother, which each attest that at the time of the Tower loan, Ms. Smith's portion of the monthly rent was $150. Although Ms. Smith does not cite any statutory authority for dismissal, presumably she seeks dismissal pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted; it is made applicable in adversary proceedings by F.R.B.P. 7012(b).

---

[6] P-1.
[7] P-5.

In *Dixon v. Garner*,[8] the court found:

> In considering a Fed. R. 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. If evidence is considered outside of the pleadings, and is not referred to therein, the motion should be converted into a motion for summary judgment.[9]

Similarly, in *George v. SI Grp., Inc.*,[10] the Fifth Circuit discussed evidence upon which a court may rely; it held:

> "a Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). True, a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But going beyond the pleadings is otherwise error. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

Ms. Smith's Motion to Dismiss relies heavily on evidence outside the complaint and is therefore properly converted to a motion for summary judgment. F.R.B.P. 7056 makes F.R.C.P. 56 applicable in adversary proceedings in this court, so jurisprudence construing Rule 56 is equally applicable to motions under F.R.B.P. 7056. The Fifth Circuit ruled in *Little v. Liquid Air Corp.*[11] that summary judgment under F.R.C.P. 56 is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

---

[8] In *Dixon v. Garner*, No. CV 17-564-EWD, 2019 WL 1370855 (M.D. La. Mar. 25, 2019).
[9] *Dixon*, 2019 WL 1370855, at *9 (citing *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)).
[10] *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).
[11] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

The United States Supreme Court discussed which party bears the burden of proof in *Celotex Corp. v. Catrett*.[12] It held:

> The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. 10A Wright, Miller & Kane § 2727. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial. *Ibid.* Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. *Ibid.;* Fed.Rules Civ.Proc. 56(e), (f).

As the moving party, Ms. Smith bears the burden of making a prima facie showing. She attached to her motion her affidavits as well as the affidavits of her mother, sister, and brother. The affidavits state that Ms. Smith's portion of the rent at the time of the loan was $150 per month. Therefore, Ms. Smith has made a prima facie showing that she is entitled to summary judgment.

The burden of proof then shifts to the party who bears the burden at trial. The Fifth Circuit held in *Matter of Norris*[13] that when a complaint asserts nondischargeability pursuant to section 523(a)(2)(B), the existence of each of the four elements of that section "are a question of fact, which the creditor must prove by a preponderance of the evidence." Accordingly, Tower will bear the burden of proof at trial. Tower maintains that Ms. Smith's testimony at the meeting of creditors, which contradicts her credit application, shows that there is a genuine issue of material fact. The court agrees. Accordingly, Ms. Smith's motion is denied.

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986).
[13] *Matter of Norris*, 70 F.3d 27, 29 (5th Cir. 1995).

**III. Tower's Motion for Partial Summary Judgment**

Tower seeks partial summary judgment that Ms. Smith's third, fourth, and fifth affirmative defenses and all her counterclaims should be dismissed on the grounds of *res judicata* because they were disposed of in state court and incorporated into the Judgment. Tower, as the moving party on partial summary judgment, bears the burden of making a prima facie showing. Tower is also the party who will bear the burden of proof at trial. The Fifth Circuit held in *Matter of Norris*[14] that when a complaint asserts nondischargeability pursuant to section 523(a)(2)(B), the existence of each of the four elements of that section "are a question of fact, which the creditor must prove by a preponderance of the evidence."

Tower contends that this court should apply Local Rule 7056-1(b) to deem its statement of facts admitted. Local Rule 7056-1(b) provides:

> A party opposing a motion for summary judgment shall file with its opposition a separate, short and concise statement of the material facts as to which it contends a genuine issue exists for trial. The party opposing the motion is deemed to have admitted all material facts set forth in the moving party's statement, unless it controverts them as required by this Local Rule.

Ms. Smith does not have counsel and is a non-lawyer defending herself in this proceeding. She appeared in person at the hearing to mount her defense. And the court simply cannot ignore that she also sought dismissal and raised several defenses and asserted counterclaims in her original answer. Therefore, the court will afford her more latitude than a party who is represented and will use its discretion to consider her arguments.

### A. Ms. Smith's Affirmative Defenses

Tower seeks partial summary judgment that Ms. Smith's third, fourth, and fifth affirmative defenses be dismissed as *res judicata* because they were disposed of in state court.

---

[14] *Matter of Norris*, 70 F.3d 27, 29 (5th Cir. 1995).

Those defenses are:

1) Third Affirmative Defense- Tower failed to comply with repossession laws when repossessing Ms. Smith's vehicle.[15]

2) Fourth Affirmative Defense- Tower's imposition of fees and penalties is unconscionable under La. Civil Code Articles 1759, 1966, and 2004.

3) Fifth Affirmative Defense- Tower failed to mitigate damages by neglecting to provide proper notice of sale, failing to account for the proceeds of the repossessed vehicle, and adding excessive penalties and fees.

In *Dotson v. Atl. Specialty Ins. Co.*,[16] the Fifth Circuit held that in determining the preclusive effect of a state court judgment, a federal court must apply the law of the state that entered the judgment. Louisiana's version of *res judicata* is found in La. R.S. 13:4231(1); it provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. …

In *Dotson*, the Fifth Circuit held that courts applying La. 13:4231(1) must look at five elements:

> "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."[17]

Here, the Judgment is a valid, final judgment between the same parties – Tower and Ms. Smith. The Judgment was not a default judgment. Ms. Smith's third, fourth, and fifth defenses arose out

---

[15] At the hearing on May 28, 2025, Tower represented that it did not repossess Ms. Smith's vehicle but that she voluntarily surrendered it. In any event, it occurred prior to entry of the Judgment.
[16] *Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002-1003 (5th Cir. 2022).
[17] *Dotson*, 24 F.4th at 1003 (quoting *Chevron U.S.A., Inc. v. State*, 993 So. 2d 187, 194 (La. 2008)).

of the same transaction that was the subject of the state court litigation, namely Tower's loan to Ms. Smith. Ms. Smith's third, fourth, and fifth affirmative defenses could have been asserted as defenses in the state court proceeding and for whatever reason, were not. Accordingly, Ms. Smith is precluded from asserting them in this proceeding pursuant to La. R.S. 13:4231(a), at least insofar as she hoped to alter the amount, validity, and extent of the Judgment. Additionally, the well-recognized *Rooker-Feldman* doctrine prevents this court from entertaining such collateral attacks, as a kind of federal appellate court, with respect to a state court judgment. In *Weaver v. Texas Cap. Bank N.A.*,[18] the Fifth Circuit held:

> Under the Rooker–Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir.1994). A state court judgment is attacked for purposes of Rooker–Feldman "when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 350 (5th Cir.2003), or where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).[19]

Although Ms. Smith cannot collaterally attack the Judgment with her affirmative defenses, she can use the substance of affirmative defenses three through five as part of an "unclean hands" challenge that, if successful, could prevent Tower from seeking declaratory relief that its debt is nondischargeable. Indeed, the Fifth Circuit ruled last week that notwithstanding applicable *res judicata* concepts precluding a collateral attack as to the validity of the state court judgment obtained, a defendant in a section 523 action can still claim "unclean hands" or wrongful conduct

---

[18] *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900 (5th Cir. 2011).
[19] *Id*. at 904.

by the plaintiff deemed bad enough to foreclose the plaintiff's right to have its debt declared non-dischargeable.[20] It reasoned:

> The defense of unclean hands is equitable and not bound by precise elements. *See, e.g., Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). In Louisiana, its crux is that "[a] party who seeks equitable relief, must not be *pari delicto*; that is, he himself must be free from any unlawful or inequitable conduct with respect to the matter or transaction in question." *City of New Orleans v. Bd. of Dirs. of the Louisiana State Museum*, 739 So.2d 748, 759 (La. 1999).[21]

The court further explained that the issue of whether the plaintiff's conduct should prevent it from seeking declaratory relief in bankruptcy court was not a defense available at the time the state court judgment was obtained. Therefore, the case was remanded to the bankruptcy court to consider that issue within the limited context of a dischargeability complaint.

At least two other circuit courts agree that a defendant can raise unclean hands in fighting a § 523 action.[22] In *Northbay Wellness Grp., Inc. v. Beyries*,[23] the court recognized the doctrine in the context of a non-dischargeability suit, reasoning that a court of equity should balance the alleged wrongdoing between the parties:

> A plaintiff asking a court for equitable relief "must come with clean hands." *Johnson v. Yellow Cab Transit Co.,* 321 U.S. 383, 387, 64 S.Ct. 622, 88 L.Ed. 814 (1944). Specifically, the doctrine of unclean hands requires that a plaintiff "shall have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1097 (9th Cir.1985). Because bankruptcy courts are courts of equity, *Young v. United States,* 535 U.S. 43, 50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), a plaintiff deemed to have unclean hands cannot obtain a judgment of nondischargeability. *See Republic of Rwanda v. Uwimana (In re Uwimana),* 274 F.3d 806, 810 (4th Cir.2001) ("A plaintiff with unclean hands is not entitled to relief from a court of equity in the form of an

---

[20] *Adair v. Stutsman Construction, LLC (Matter of Adair)*, No. 24-30273, 2025 WL 1439450 (5th Cir. May 20, 2025).
[21] *Adair*, 2025 WL 1439450 at *2.
[22] *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959-960 (9th Cir. 2015); *Republic of Rwanda v. Uwimana (In re Uwimana),* 274 F.3d 806, 810 (4th Cir.2001).
[23] *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959-960 (9th Cir. 2015).

order denying the dischargeability of debt." (internal quotation marks omitted)), *abrogated on other grounds by Bullock v. BankChampaign, N.A.,* –– U.S. ––, 133 S.Ct. 1754, 1758–59, 185 L.Ed.2d 922 (2013). The Supreme Court has emphasized, however, that the doctrine of unclean hands "does not mean that courts must always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law." *Yellow Cab,* 321 U.S. at 387, 64 S.Ct. 622. Rather, determining whether the doctrine of unclean hands precludes relief requires balancing the alleged wrongdoing of the plaintiff against that of the defendant, and "weigh[ing] the substance of the right asserted by [the] plaintiff against the transgression which, it is contended, serves to foreclose that right." *Republic Molding Corp. v. B.W. Photo Utils.,* 319 F.2d 347, 350 (9th Cir.1963). In addition, "the clean hands doctrine should not be strictly enforced when to do so would frustrate a substantial public interest." *EEOC v. Recruit U.S.A., Inc.,* 939 F.2d 746, 753 (9th Cir.1991).

In this case, the court will treat Ms. Smith's allegations of unfairness and wrongdoing as her effort to prove that Tower should be prevented by its "unclean hands" from obtaining a judgment excepting its debt from discharge. That balancing of conduct embraced by the *Northbay Wellness* court necessarily is fact intensive and requires a trial. Accordingly, Tower's Motion for Partial Summary Judgment as to Ms. Smith's defenses is granted in part and denied in part. To the extent Ms. Smith's defenses three through five seek to alter the state court Judgment, they are dismissed. But for the limited purpose of raising the issue of unclean hands as it relates to Tower's very right to even seek declaratory relief in this court, the motion is denied. To further join the issue, Tower is afforded until June 11, 2025, to amend its complaint to provide details surrounding the surrender of Ms. Smith's vehicle and the credit afforded to her.

**B. Ms. Smith's Counterclaims**

Ms. Smith asserts four counterclaims for which she seeks monetary damages:

1. Violation of Louisiana repossession laws,

    2. Unfair trade practices in imposing excessive fees and penalties and misrepresenting the terms of the loan,

    3. Infliction of emotional distress,

    4. Failure to provide an accounting of the loan.

As held above, Ms. Smith is precluded pursuant to La. R.S. 13:4231(1) from asserting any cause of action that existed at the time the Judgment was rendered. Ms. Smith's causes of action for violation of Louisiana repossession laws and unfair trade practices clearly existed at the time the Judgment was rendered and arose out of the same transaction or occurrence. Additionally, this court is prevented by the doctrine of *Rooker-Feldman* from acting as an appellate court to alter the Judgment. Accordingly, Tower is granted partial summary judgment dismissing Ms. Smith's first and second counterclaims.

    As for Ms. Smith's third counterclaim seeking damages for emotional distress, this court lacks authority to consider it. In *In re Miller*,[24] the court held that a claim of emotional distress was a personal injury tort claim. 28 U.S.C. § 157(b)(5) provides that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." This court lacks the power to decide Ms. Smith's counterclaim for emotional distress. Accordingly, Tower is granted partial summary judgment dismissing Ms. Smith's third counterclaim without prejudice to her right to seek that relief in a court of competent jurisdiction.

    Ms. Smith's fourth counterclaim seeks damages for failure to provide an accounting. To the extent that she is seeking an accounting prior to entry of the Judgment, her counterclaim is

---

[24] *In re Miller*, 589 B.R. 550 (Bankr. S.D. Miss. 2018).

precluded pursuant to La. R.S. 13:4231(1). The state court entered the Judgment in favor of Tower, and the doctrine of *Rooker-Feldman* prevents this court from altering it. The court notes that the opportunity for discovery in this case would have provided Ms. Smith with every opportunity to obtain an accounting of post-Judgment numbers.

### IV. Conclusion

Ms. Smith's Motion to Dismiss is being treated as one seeking summary judgment because she expanded the pleadings with several affidavits. The motion is denied, however, because there are numerous contested issues of material fact, including those triggered by the very affidavits attached to her Motion to Dismiss, requiring a trial.

Tower's Motion for Partial Summary Judgment is granted in part and denied in part. Ms. Smith's third, fourth, and fifth affirmative defenses are dismissed to the extent they seek to alter or reduce the Judgment. Ms. Smith's first and second counterclaims, both designed to collect money damages from Tower, are also dismissed on *res judicata* grounds. Ms. Smith's third counterclaim is dismissed without prejudice because this court lacks authority to consider it. Ms. Smith's fourth counterclaim is also dismissed to the extent that it asks for an accounting prior to the entry of the Judgment. The substance of these defenses and counterclaims, with the exception of the counterclaim for emotional distress, will be treated together as Ms. Smith's contention that Tower has unclean hands, which if proved at trial, could preclude it from obtaining the declaratory relief it seeks.

Again, nothing in this ruling will prevent Ms. Smith from presenting evidence at trial of misconduct by Tower. And to further streamline what is tried and to afford Tower an opportunity to defend its conduct, Tower is granted leave to file an amended complaint on or before June 11,

2025, to provide details concerning the repossession of its collateral prior to Judgment via voluntary surrender or otherwise.

Separate judgments will be entered in accordance with this ruling.

Baton Rouge, Louisiana, May 30, 2025.

>**/s/ Michael A. Crawford**
>MICHAEL A. CRAWFORD
>UNITED STATES BANKRUPTCY JUDGE